# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALICE R. PETZOLD, )  )  Plaintiff, )  )  vs. )  )  MICHAEL J. ASTRUE, Commissioner, )  Social Security Administration, )  )  Defendant. ) | NO.  CIV-07-0325-HE |

## ORDER

Plaintiff Alice R. Petzold brought this action seeking judicial review of the defendant Commissioner's final decision denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Robert E. Bacharach, who has recommended that the Commissioner's decision be reversed and the case remanded for an award of benefits.

The plaintiff applied for benefits in 1992, alleging she had been disabled since March 15, 1985.  The Commissioner denied the plaintiff's claim for disability insurance on January 4, 1995,[1] and, on July 8, 1996, the Honorable Robin Cauthron reversed and remanded the case for further proceedings.  She adopted the Report and Recommendation of Magistrate Judge Doyle Argo, concluding that the Commissioner's decision was not supported by substantial evidence.  The Appeals Council did not remand the case until June 3, 2005, almost nine years later, and another year passed before the second hearing was held.  On

---

[1] *The administrative law judge determined that the plaintiff was not disabled at step four of the sequential evaluation process and, on January 4, 1995, the Appeals Council denied the plaintiff's request for review of that decision.*

October 27, 2006, the administrative law judge ("ALJ") issued his decision finding that the plaintiff was not disabled as the "objective medical evidence fails to establish the existence of a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms."  Record, p. 22.

In his Report and Recommendation, Judge Bacharach agreed with the plaintiff that the ALJ failed to consider the treating physician's medical opinion and failed to follow the district court's remand order.  He recommended that benefits be awarded based on the length of time the plaintiff's application had been pending, the ALJ's failure to correct the errors pointed out previously by the district court, and the ALJ's commission of new mistakes.

In response the Commissioner initially argues that the ALJ's decision should be upheld because the medical evidence did not establish that the plaintiff was disabled before her insured status expired and the ALJ offered a supported reason for discounting the opinion of Dr. Griffin, the treating physician.[2]  Alternatively, he asserts that the case should be remanded for further administrative proceedings to determine "when and to what extent" the plaintiff first exhibited the symptoms noted in Dr. Griffin's reports.  The Commissioner contends that it would be improper to remand for an award of benefits because "Dr. Griffin's reports do not reference Plaintiff's condition prior to the expiration of her insured status, and the record does not clearly show that Plaintiff was disabled ...."  Defendant's objection, p. 6.

---

[2]*The defendant's attempt to incorporate arguments made in a prior brief, defendant's objection, p. 4 n.1, is ineffective.  See Fed.R.Civ.P. 72(b).*

The court agrees with the magistrate judge that the case should be remanded. The only question is whether or not to award benefits. Remands for benefits, for many reasons, are rare. However, because of the passage of time – most or all of which is attributable to the defendant – it is unlikely that the record can be supplemented now in any meaningful way. *See* Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006) (a factor considered in determined whether to award benefits is "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'") (quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987). The problems created by the delay are compounded in this case because the disability – chronic fatigue immune dysfunction syndrome – "was not officially recognized as a disease until 1988, although the condition had been around for many years under different names or terms." Record, p. 56 n.3.

Under these unique circumstances, which include the unexplained, lengthy delay between the remand order and the second hearing before the ALJ and the errors on remand noted by the magistrate judge, the court concludes that more than just another hearing is warranted. As the Commissioner acknowledges in his brief, and, as the court has found based on its review of the record, there is evidence in the record that supports a finding of disability. *See* defendant's objection, p.6 ("[T]he evidence before the Court does not conclusively or overwhelmingly establish that Plaintiff is entitled to disability benefits.") (emphasis added).

Accordingly, the court adopts Magistrate Judge Bacharach's Report and

3

Recommendation.  The Commissioner's denial of benefits is **reversed** and **remanded** with directions for an award of disability insurance benefits to the plaintiff.  The amount of the payments is to be determined by the defendant on remand.

**IT IS SO ORDERED**.

Dated this 25th day of February, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE